Campbell, Chief Justice,
delivered the opinion of the court:
The railroad company having transported a number of persons upon Government transportation requests presented its bills therefor in due time. On account of an arrangement between the transportation companies and the Government known as the southeastern military arrangement and covering the territory in which plaintiff operated, so far as concerns this case, the bills of carriers were sometimes affected by land-grant deductions in a different way from that authorized by the land-grant acts. The reason for this was that the military arrangement mentioned provided for the transportation of certain Government employees at land-grant rates who in strictness would not come under the provisions of the land-grant acts, the Government securing as to these persons the benefits of lower rates. In view of this arrangement the plaintiff’s bills were presented with land-grant, deductions, but in nearly all instances there was indorsed, on the bill as presented a protest or objection to the effect; that the carrier claimed the full amount of the bill without the deduction. These protests were sufficient to save the' right of the plaintiff to now claim the proper amount due-upon its bills. See Southern Pacific Co. case, 268 U. S. 263.
*612 The persons who were transported and for whose transportation this suit was brought did not belong to the classes of persons included in or covered by the land-grant acts. They were ordinary or common laborers engaged in different portions of Alabama and Mississippi for work at or upon the nitrate plants of the Government in the vicinity of Florence, Ala. The railroad company transported them to their destination from Mobile and other points upon Government transportation requests issued from the office of the United States Engineer Corps stationed at Florence or the place of the work. There is no question of the correctness of the bills, which were stated at the proper rates, and the only question for decision is whether the land-grant deductions were properly made from these bills. That depends upon the effect to be given the southeastern military arrangement. As already stated, this arrangement was intended to extend to the Government during the war emergency the benefits of rates that were not applicable in ordinary times.
It was not intended to embrace every class of persons or every person who would be carried on Government transportation requests, because if that had been the intention there would have been no necessity for the details .into which the military arrangement extends. It mentions “all U. S. Government traffic moving locally within southeastern territory ” under Government transportation requests “ issued by the U. S. Army, U. S. Navy, U. S. Marine Corps, or Division of Naval Militia Affairs ” at Government expense and “ under orders of the President including (a) State militia, (5) State naval militia, and (c) certain classes of military persons as being those who could be considered as coming within the terms of the arrangement.” As an interpretation of this arrangement a representative of the carriers addressed a communication to the Auditor for the-War Department in March, 1918, after the arrangement had been in existence about 10 months in which he says that Circular 111 includes civilian employees traveling under Government transportation requests of the issue of the War Department and that this embraced “ civilian employees of *613 the different bureaus of the War Department ” who. while not directly connected with the Army, “ are subject to the, control and direction of the War Department ” and are paid out of appropriations for the War Department.
It seems clear, therefore, that to have the benefit of the land-grant deductions it must be shown that the persons transported — that is, the laborers transported to Florence to work in or about the nitrate plants — were within the classes contemplated by the arrangement. It would seem that “ civilian employees ” of the different bureaus or civilian employees of the War Department or the other specified classes are terms applicable to persons in the employ of the Government, and perhaps of some special bureau at and before the time transportation request is issued, but inapplicable to ordinary laborers engaged in one section to go to some place for work such as they might there prove able to do. They were in no sense military persons and they were not civilian employees of any of the bureaus mentioned in the arrangement. It does not appear that they were paid out of appropriations for the War Department.
Whether these laborers were employed under the authority conferred upon the President to procure or produce nitrates by the act of June 3, 1916, 39 Stat. 215, § 124, or amendments thereof, does not appear. The auditor having ruled against plaintiff’s contention, the question was not taken to the Comptroller General until after the lapse of time within which that official could consider an appeal from the auditor. We have not, therefore, any ruling of the comptroller. In our opinion the bills were not subject to land-grant deductions.
Several of the items claimed are not allowable, because payment of the bill as rendered was made and accepted without protest. See St. Louis, Brownsville & Mexico R. R. case, 268 U. S. 169. The plaintiff is entitled to judgment for $4,416.28, shown in Finding XI. And it is so ordered.
GRAiiam, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.